**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

OTIS ROBINSON,

    Plaintiff,                       Case No: _____

v.

FAMILY DOLLAR STORES OF
FLORIDA, LLC, a foreign limited
liability company,

    Defendant.
_____/

## DEFENDANT FAMILY DOLLAR STORES OF FLORIDA, LLC'S NOTICE OF REMOVAL

Defendant, FAMILY DOLLAR STORES OF FLORIDA, LLC (hereinafter, "Defendant" or "Family Dollar"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the Circuit Court for the Twelfth Judicial Circuit, in and for Manatee County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, on the following grounds:

### BACKGROUND

1. On or about January 26, 2021, Otis Robinson ("Plaintiff") filed a Complaint against Family Dollar in the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida ("State Court"), captioned OTIS ROBINSON, Plaintiff, v. FAMILY DOLLAR STORES OF FLORIDA, LLC,

Defendant, Case Number 20-CA-004150.

2. On February 4, 2021, Plaintiff served the Summons and Complaint on Family Dollar through its agent for service of process, a copy of which is attached hereto.

3. On February 22, 2021, Family Dollar filed its Answer and Defenses to Complaint, a copy of which is attached hereto.

4. There is jurisdiction over this removed action pursuant to 28 U.S.C. § 1441, because this action originally could have been filed in this Court pursuant to 28 U.S.C. § 1332. Specifically, this Court has jurisdiction over this civil action because there is the requisite diversity of citizenship between the Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

## AMOUNT IN CONTROVERSY

5. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Plaintiff's Complaint does not set forth a specific amount of damages. Instead, in his Complaint, Plaintiff alleges, "[t]his is a cause of action for damages in excess of $30,000.00." (Complaint at ¶ 1).

7. Plaintiff further alleges:

As the direct and proximate result of the negligence of Defendant, FAMILY DOLLAR, Plaintiff, OTIS ROBINSON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and

aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

(Complaint at ¶ 11).

8. However, on July 16, 2020, Plaintiff's counsel sent Family Dollar a demand letter that included medical records, medical bills, and a Medical Bill Table ("Bill Table"). According to Plaintiff's demand letter, "As a result of the injuries and needed medical care, our client's medical bills alone, which are in excess of **$111,969.34**, are likely to continue to increase significantly in the future along with their general damages." And the Bill Table provided an itemized breakdown of Plaintiff's past medical charges as follows:

| MEDICAL BILL TABLE | |
|---|---|
| **Provider** | **Amount Charged** |
| -- Memorial Hospital | $3,703.00 |
| -- Emergency Services, LLC | $1,212.00 |
| -- Imaging Specialists | $64.00 |
| -- Clinic | $22,305.00 |
| -- Imaging Center | $9,000.00 |
| --Surgery Consultants | $28,335.32 |
| --Surgical Facility | $40,561.02 |
| --Anesthesiology Associates, LLC | $3,789.00 |
| --Surgical Center | $3,000.00 |
| **Totals** | **$111,969.34** |

Demand Letter and Bill Table are attached hereto as a **Composite Exhibit A**.

9. "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

10. Taken together, Plaintiff's demand letter and Bill Table establish, by a preponderance of the evidence, that the amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs.

### DIVERSITY OF CITIZENSHIP

11. Pursuant to 28 U.S.C. § 1332(a)(1), the matter in controversy is between citizens of different States.

12. For diversity purposes, citizenship is equivalent to "domicile." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* at 1257-58. *See also Diller v. Heartland AG Group of Springfield, Inc.*, 5:10-CV-672-OC-34TBS, 2011 WL 13295824, at *3 (M.D. Fla. Sept. 28, 2011). To discern intent, the Court may consider factors including "home ownership, driver's license, voting registration, location of family, location of business and where taxes are paid." *Turner v. Penn. Lumbermen's Mut. Fire Ins. Co.*, No. 3:07-cv-374-J-32TEM, 2007 WL 3104930, at *4 (M.D. Fla. Oct. 22, 2007); *see Juvelis v. Snider*, 68 F.3d 648, 654 (3d Cir. 1995) ("Persuasive

evidence of intent can include establishment of a home, place of employment, location of assets, and registration of car, and, generally, centering one's business, domestic, social, and civic life in a jurisdiction."); *see also McCormick*, 293 F.3d at 1258.

13.  Plaintiff's Complaint does not allege his place of citizenship. However, Plaintiff provided his date of birth and social security number on the Medical Bill Table. Based on that information, Family Dollar was able to conduct a Westlaw search. Through the Westlaw search, Family Dollar was able to locate Plaintiff's driver's license and vehicle registration information, attached hereto as a **Composite Exhibit B.**

14.  Both Plaintiff's driver's license and vehicle registration information reflect Plaintiff's address as Bradenton, Florida – from at least 2016 to present.

15.  The foregoing information demonstrates that Plaintiff's true, fixed, and permanent home and principal establishment, to which he has the intention of returning whenever he is absent, is Bradenton, Florida.

16.  As such, Plaintiff is a citizen of Florida.

17.  Family Dollar is a citizen of Delaware and North Carolina. Family Dollar Stores of Florida, LLC is a single-member limited liability company organized under the laws of the Commonwealth of Virginia. The sole member of Family Dollar Stores of Florida, LLC is Family Dollar Stores, Inc. Family Dollar Stores, Inc. is incorporated in the State of Delaware and its principal place of business is in Matthews, North Carolina.

18. Thus, tracing through the layers of members, Defendant's members' citizenship all trace back to Family Dollar Stores, Inc., a corporation organized and existing under the laws of the Delaware with its principal place of business in North Carolina. *See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011); *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Bright House Networks, LLC v. Pinellas Cnty.*, No. 8:14-CV-1237-T-33TBM, 2014 WL 3867809, at *3 (M.D. Fla. Aug. 6, 2014). Defendant has disclosed the citizenship of each and all of its members, as well as the citizenship of each member of Defendant's limited liability company members. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that "a limited liability company is a citizen of any state of which a member of the company is a citizen"). Defendant does not have any members located in the State of Florida or that are citizens of the State of Florida.

19. Complete diversity of citizenship exists because Plaintiff is not a citizen of the same states as Defendant.

### **PROCEDURAL COMPLIANCE**

20. This Court has original jurisdiction of this civil action because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. *See* 28 U.S.C. § 1332(a)(1).

21. This Notice of Removal is timely because it was filed within thirty days after receiving the summons and a copy of the initial pleading setting forth the claim for relief upon which this action is based. *See* 28 U.S.C. § 1446(b).

22. Removal to the Tampa Division of this Court is appropriate under Local Rules 1.04(a) because the action was filed in Manatee County, Florida.

23. As required by 28 U.S.C. § 1446(a) and Local Rule 1.06(b), true and correct copies of all of the process, pleadings, orders and papers on file with the State Court in this action are attached hereto.

24. Pursuant to 28 U.S.C. § 1446(d), notice of this Notice of Removal is being provided to Plaintiff and the State Court Clerk contemporaneously with the filing of this Notice of Removal with this Court.

WHEREFORE, Defendant, Family Dollar Stores of Florida, LLC by and through its undersigned counsel, respectfully notices the removal of this action now pending against it in the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida, Case No. 20-CA-004150 to the United States District Court for the Middle District of Florida, Tampa Division.

    Respectfully submitted

    HILL WARD HENDERSON, P.A.

    /s/ Sherilee J. Samuel
    Sherilee J. Samuel, Fla. Bar No. 017499
    sherilee.samuel@hwhlaw.com
    Lead Counsel
    Cory J. Person, Fla. Bar No. 032950
    cory.person@hwhlaw.com
    Nicole D.D. Walsh, Fla. Bar No. 111961

nicole.walsh@hwhlaw.com
3700 Bank of America Plaza
101 East Kennedy Boulevard
Tampa, FL 33602
Ph. 813.221.3900
Fax 813.221.2900
*Attorneys for Family Dollar Stores of Florida, LLC*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and furnished a copy via email to **JUAN ASCONAPE, ESQUIRE**, of Schwed, Adams & McGinley, P.A., Attorneys for Plaintiff,@eservice@schwedlawfirm.com and jasconape@schwedlawfirm.com on **March 3, 2021**.

/s/Sherilee J. Samuel_____
HILL WARD HENDERSON
Attorneys for Defendant